```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
ANTHONY ELLIS,                                    :
                                                  :
                        Plaintiff,                :    No. 05 Civ. 4502 (BSJ) (DF)
                                                  :
            -against-                             :    **REPORT AND**
                                                  :    **RECOMMENDATION**
C.O. LEE, et al.,                                 :
                                                  :
                        Defendants.               :
------------------------------------------------------------------------X
```

**TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:**

Based on plaintiff's failure to prosecute this case, as further described below, I recommend that this action be dismissed, *sua sponte* and without prejudice.

## BACKGROUND

This prisoner action, brought under 42 U.S.C. § 1983, was referred to me for general pre-trial supervision. (*See* Dkt. 8.) In his Complaint, plaintiff Anthony Ellis ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* alleges that, on November 9, 2004, while incarcerated at Rikers Island, he was assaulted by a number of correctional officers. (*See* Complaint, filed May 9, 2005 (Dkt. 2) ("Compl."), ¶ II.) The Complaint identifies four defendants, by their last names only: "Correctional Officer Lee," "Correctional Officer Almanez," "Correctional Officer Cox," and "Correctional Officer Captain Evens" (collectively, "Defendants"). (*See* Compl. at 1, ¶ I(B).) On June 17, 2005, the United States Marshal attempted to serve Defendants with the Summons and Complaint, but was apparently unable to do so, and the process receipt and return of service were returned as unexecuted for each of the Defendants. (*See* Dkts. 3-6.)

In light of the Marshal's apparent inability to serve Defendants based on the way in which they were identified in the Complaint, this Court issued an Order on August 8, 2005, directing the Office of the Corporation Counsel to attempt to ascertain the full names of the officers listed by Plaintiff as Defendants, and to report that information to Plaintiff by September 30, 2005, so that Defendants could be properly named and then served with process. (*See* Dkt. 10.) In its Order, the Court also explained to Plaintiff the time restrictions for service set forth under Rule 4(m) of the Federal Rules of Civil Procedure, and extended the time for service, so as to allow Plaintiff a reasonable opportunity to learn each of the Defendants' full identities. (*See id.* at 1-2.)

By letter dated September 28, 2005, the Office of the Corporation Counsel provided Plaintiff with the full names of Defendants, and the Court then directed Plaintiff to file an Amended Complaint no later than December 2, 2005, naming each Defendant specifically and describing the alleged misconduct of each.

Based on New York Department of Correctional Services records, it appears that, on October 17, 2005, Plaintiff was released on parole from the Woodbourne Correctional Facility, where he had been incarcerated. Thereafter, Plaintiff sent this Court a letter, notifying the Court of his new address. (*See* Dkt. 11.)

On December 1, 2005, the Court's *Pro Se* Office received an Amended Complaint from Plaintiff. The Amended Complaint, however, was not signed by Plaintiff. On December 9, 2005, pursuant to my instructions, the *Pro Se* office mailed the unsigned Amended Complaint back to Plaintiff, and notified Plaintiff that he needed to re-file a signed pleading in order to pursue his case.

On April 17, 2006, having received nothing further from Plaintiff, this Court sent a letter to Plaintiff at the home address Plaintiff had provided, stating that if Plaintiff wished to pursue this

action, he was to mail a signed Amended Complaint to the Court's *Pro Se* Office by May 31, 2006, or else face potential dismissal for failure to prosecute his case.

To date, however, the Court has not received a signed Amended Complaint from Plaintiff, nor has Plaintiff attempted to contact the Court in response to the Court's April 17, 2006 letter.

## **DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice. Further, a plaintiff has a general obligation to prosecute his case diligently. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, however, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In fact, "[a] plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).

Although Rule 41(b) provides that "a defendant may move for dismissal of an action or of any claim against the defendant" where a plaintiff fails to prosecute his case or to comply with any court order (*see* Fed. R. Civ. P. 41(b)), the Court need not wait for a defendant to file such a motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. *See West*, 130 F.R.D. at 524. As courts in this Circuit have held, "such dismissal is largely a matter of the judge's discretion." *See id.* Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *See Link,* 370 U.S. at 630-31.

3

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether the Court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

Despite being notified twice by the Court of his obligation to file a signed Amended Complaint in order to pursue this action – the first of the two notifications having occurred more than six months ago – Plaintiff has yet to submit a signed Amended Complaint, and the Court's second deadline for him to do so has now passed. While the Court recognizes that mail from prison facilities may sometimes be delayed, Plaintiff has informed the Court that he is no longer incarcerated. Under the circumstances, it appears that Plaintiff has simply failed to take appropriate steps to follow up on the information provided to him by the Office of the Corporation Counsel, so that service could be effectuated on the named Defendants in this action. As Plaintiff has neither met the Court's deadline for submission of a proper Amended Complaint, nor shown good cause as to why he has been unable to comply with the Court's instructions, dismissal of this action is warranted under Rules 4(m) and 41(b).

Because Plaintiff is proceeding *pro se,* however, I recommend that his claims be dismissed without prejudice. *See Reynel v. Barnhart*, No. 01 Civ. 6482, 2002 U.S. Dist. LEXIS 16498, at *3 (S.D.N.Y. Sept. 3, 2002) ("Given the plaintiff's *pro se* status, the Court deems it proper in this case that dismissal be without prejudice."). It may be that there is a reasonable explanation for Plaintiff's

4

## CONCLUSION

For the reasons set forth above, I recommend that all claims asserted in the amended complaint in this action be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones, United States Courthouse, 40 Centre Street, Room 2103, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 40 Centre Street, Room 631, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 8, 2006

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies To:

Hon. Barbara S. Jones, U.S.D.J.

Mr. Anthony Ellis, *pro se*
308 E. 139th Street, Apt #6
Bronx, NY 10454

Sarah Evans, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007